United States District Court for the
Northern District of Illinois
Eastern Division

```
FILED
MAY 9, 2008            YM
08CV2712
JUDGE LEFKOW
MAGISTRATE JUDGE ASHMAN
```

| | |
|---|---|
| Frank Sanchez, US Citizen Spouse | ) |
| &, Laima Mockiene, Alien (A096788406); | ) |
| Gilveta Mockute, alien (A096788404) | ) |
| Aldas Mockus, alien (A096788405) | ) |
| Plaintiffs, | ) |
| | ) **Case No.** |
| v. | ) |
| | ) **Civil Action** |
| | ) |
| | ) |
| | ) |
| | ) |
| *Ruth Dorochoff*, Chicago District Director, | ) |
| U.S. Citizenship and Immigration Services; | ) |
| | ) |
| Defendant. | ) |

## Complaint

COMES NOW, Plaintiffs, in the above styled and numbered cause, and for cause of action would show unto the Court the following:

## I. INTRODUCTION

1. This is a civil action brought by the Plaintiffs, to compel the Defendants to take action on the visa petition (INS Form I-130) filed by Plaintiff, Frank Sanchez, on behalf of Plaintiffs, Laima Mockiene, Gilveta Mockute, and Aldas Mockus, and the application for adjustment of status (INS Form I-485) filed by Plaintiffs, Laima Mockiene, Gilveta Mockute, and Aldas Mockus, that was filed with the Citizenship and Immigration Services (hereafter CIS or Service), and which Defendant has failed to take timely action on.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 USC §1331 (federal subject matter jurisdiction in conjunction with 28 USC §1361 (mandamus), the Administrative Procedure Act (APA) (5 USC §555(b), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 USC §1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". There is jurisdiction of all civil actions arising under 28 USC §1361 (mandamus), the Administrative Procedure Act (APA) (5 USC §555(b) and 5 USC §702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 USC §1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff".

5. The APA requires USCIS to carry out its duties within a reasonable time. The provision of the APA that provides this is 5 USC §555(b). Plaintiffs contend that the delays in processing their applications for adjustment of status are unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 USC §1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens". (emphasis added.) The code of Federal Regulations further provides that each: "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 CFR §245.6 (emphasis added); and, most importantly, that "the application *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial," 8 CRF §245.2. (emphasis added.) The language of the statute and these regulations is mandatory, not discretionary, and requires the Defendant to adjudicate the adjustment of status application.

7. Venue of this action is proper under 28 USC §1391(e)(3). The Defendants maintain offices in this district and the USCIS Office in this district is adjudicating the plaintiffs' applications.

## III. **PARTIES**

8. Plaintiffs are husband and wife, as well as children. Mrs. Mockiene is a native and citizen of Lithuania. Mr. Sanchez filed a visa petition (Form I-130) simultaneously with Mrs. Mockiene's application for adjustment of status (Form I-485), which was received by the Defendant on March 24, 2006. One of the Defendant's Examiners interviewed the Plaintiffs concerning their applications on August 15, 2006. USCIS has yet to take action on their applications, even though the interview took place over one year ago. USCIS has not provided plaintiffs any information regarding the status of the applications, other than to state it us undergoing a background check. Since it is unknown whether any action has ever been taken on the visa petition that Mr. Sanchez filed, he is also a proper plaintiff for the Defendants' failure to act on the adjustment of status application.

9. Defendant, Ruth Dorochoff, Chicago District Director, Field Office Director is an official of the USCIS generally charged with supervisory authority over all operations of the USCIS within

the District. 8 C.F.R. §100.2(d)(2)(ii). As will be shown, Defendant Director is the official with whom Plaintiffs' applications remains pending.

## IV. <u>FACTS</u>

10.  Mrs. Mockiene is a native and citizen of Lithuania. She was born on June 07, 1965 in Klaipeda, Lithuania.

11.  She entered the United States on April 5th, 2000 as a nonimmigrant visitor with a B-2 tourist visa.

12. Gilveta Mockute and Aldas Mockus are children of Laima Mockiene. Gilveta Mockute was born on February 01, 1989 in Klaipeda, Lithuania. Aldas Mockus was born on July 18, 1986 in Klaipeda, Lithuania.

13. Both Gilveta Mockute and Aldas Mockus arrived in the United States on August 30, 2001 with visas for medical treatment purpose.

14.  Mrs. Moskiene married Mr. Sanchez, a citizen of the United States.

15.  Shortly thereafter, on March 24, 2006, Mrs. Mockiene and Mr. Sanchez filed simultaneous applications, Form I-130 and Form I-485, respectively, with the CIS. Mr. Sanchez also simultaneously filed I-130 Petitions for Gilveta Mockute and Aldas Mockus, at which time Gilveta Mockute and Aldas Mockus also filed I-485 adjustment packets with USCIS.

16. On August 15, 2006, a USCIS District Adjudications Officer interviewed all Plaintiffs at 101 West Congress Parkway, Chicago, IL. At the conclusion of the interview, the Officer did not provide a decision. The Examiner said to the Plaintiffs that the Defendant would process the case and let them know the result as soon as possible.

17. Plaintiffs have performed numerous inquiries, both written and in-person via the USCIS INFOPASS service, only finding out the case is still pending a background check and further review. The law firm of Birg & Meltser also filed inquiries in December 2007 and February 2008. The law firm of Birg & Meltser did not receive a response from USCIS on the inquiries it did on behalf of Plaintiffs.

## V. <u>REQUEST FOR RELIEF</u>

18. The allegations contained in paragraphs 1 through 17 above are repeated and realleged as though fully set forth herein.

19. Plaintiffs have complied with all of the requirements for seeking adjustment of status for Laima Mockiene, Gilveta Mockute, and Aldas Mockus.

20. The Defendant has willfully and unreasonably delayed and has refused to adjudicate the visa petition and applications for adjustment of status.

21. The delay in adjudicating the applications is not attributable to Plaintiffs.

22. The Defendant owes Plaintiffs a duty to adjudicate the visa application and adjustment of status application and has unreasonably failed to perform that duty. This duty is owed under the INA and regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

23. The delay is unreasonable per se.

24. The delay is unreasonable in light of USCIS estimated processing times and press releases which claim improved processing times and increased efficiency, and which further indicate that adjustment of status applications can be processed in less time now than in prior years.

25. The delay is unreasonable in light of the fact that Plaintiffs have been interviewed. Since the fact-finding has been completed, there is no reason for any further delays.

26. The delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Plaintiffs will have to be fingerprinted again, in order to have their adjustment of status applications adjudicated. Since USCIS has made no efforts to fingerprint them again, their case is in an indefinite administrative limbo.

27. The delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Plaintiffs will have to undergo another medical exam, in order to have their adjustment of status application adjudicated. Since they have no idea when adjudication will take place, they cannot arrange a medical exam (the results of which become worthless after 365 days).

28. The delay is unreasonable in light of the fact that the USCIS has been unable to adequately respond to any of the Plaintiffs' inquiries on their applications.

29. By making numerous inquiries on the status of the application, Plaintiffs have exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendant's delay and lack of ability or willingness to adjudicate the Plaintiffs' applications for adjustment of status.

**WHEREFORE**, and in light of the foregoing, Plaintiffs, pray that the Court:

A. Assume jurisdiction herein;

B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the visa petition and application for adjustment of status;

C. Grant such other and further relief, as the Court deems appropriate and just;

D. Grant attorney's fees and costs of court.


Respectfully Submitted,

Birg & Meltser


_____

_____                              /s/ Gene Meltser_____
                                                      Gene Meltser, Esq.


GENE MELTSER, ESQ.
BIRG & MELTSER
ATTORNEYS FOR PLAINTIFF
570 LAKE COOK ROAD
SUITE 125
DEERFIELD, IL 60015
(847) 444-9000
(847) 444-1478 fax
ARDC # 6270933